# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION

ADAM LEWIS, individually and
on behalf of all others similarly situated,

    Case No.:

    Plaintiff,

vs.

FIRST AID BEAUTY, LIMITED,

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, First Aid Beauty, Limited ("First Aid Beauty"), by and through counsel, hereby gives notice of removal of this action from the Circuit County of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the Southern District of Florida, Ft. Lauderdale Division, pursuant to U.S.C. §§ 1332(d), 1441 and 1446. In support thereof, First Aid Beauty respectfully states as follows:

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.    On February 28, 2024, Plaintiff Adam Lewis ("Lewis" or "Plaintiff"), individually and on behalf of all others similarly situated, filed a Class Action Complaint against First Aid Beauty in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "State Court Action"). First Aid Beauty was served with the State Court Action on March 1, 2024.

2.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint and all other process, pleadings, and orders purportedly served on First Aid Beauty are attached to this

Notice as **Exhibit A.** A true and correct copy of the docket in the State Court Action is attached to this Notice as **Exhibit B.**

3. Pursuant to 28 U.S.C. § 1446(d) after the filing of the Notice of Removal, First Aid Beauty will give written notice thereof to all adverse parties and will file a copy of the Notice with the clerk of the State Court.

4. The State Court action is pending in Broward County, which is designated as part of the judicial district of the Southern District of Florida and within the Ft. Lauderdale Division. Thus, removal to this Court is authorized.

5. Plaintiff purportedly served First Aid Beauty with a summons and the Complaint in the State Court Action on March 1, 2024. This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

## JOINDER

6. No other named Defendants have been added to this action, and therefore no joinder of additional defendants to this removal is necessary.

## PLAINTIFF'S ALLEGATIONS

7. Plaintiff's Complaint alleges that First Aid Beauty violated Florida's Telephone Solicitation Act, Fla. Stat. § 501.059, as amended by Senate Bill No. 1120, which became effective on July 1, 2021 (the "FTSA"). Compl., ¶ 33.

8. Plaintiff alleges that First Aid Beauty violated the FTSA's Caller ID Rules (Fla. Stat. § 501.059(8)(b)) by sending SMS text messages to Plaintiff from a "number that was not capable of receiving telephone calls." Compl., ¶ 34. Plaintiff further alleges that First Aid Beauty "intentionally transmit[s] telephone numbers to [a] recipient's Caller ID services that are not capable of receiving telephone calls." *Id.* at ¶ 6.

9. Plaintiff seeks to recover, on behalf of himself and a class of others "similarly situated" statutory damages, attorneys' fees and costs, and injunctive relief. Compl., Prayer for Relief.

10. First Aid Beauty disputes Plaintiff's allegations and believes Plaintiff's Complaint wholly lacks merit. In seeking removal, First Aid Beauty does not waive any arguments or defenses with respect to the Complaint, including, without limitation, motions to dismiss pursuant to Fed. R. Civ. P. 12. *See, Kostelac v. Allianz Global Corporate & Specialty AG,* 517 Fed. Appx. 670, 674 n. 6 (11th Cir. 2013) ("The removal of an action from state to federal court does not waive any Rule 12(b) defenses …").

## JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

11. This Court has original subject matter jurisdiction over Plaintiff's claims by virtue of 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA") because this case involves claims between parties of diverse citizenship and the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and the purported class contains at least 100 persons. *See, Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1163 (11th Cir. 2006).

12. Plaintiff seeks to bring his claims on behalf of himself and all others similarly situated pursuant to Florida Rules of Civil Procedure 1.220(b)(2) and (b)(3). Compl., ¶¶10, 24-31. Florida' Rule of Civil Procedure is patterned after Rule 23 of the Federal Rules of Civil Procedure. *See, Senger Bros. Nursery, Inc. v. E.I. Dupont de Nemours & Co.,* 184 F.R.D. 674, 682 (M.D. Fla. 1999). Thus, this case is a putative class action under 28 . Appx. 755, U.S.C. § 1332(d)(2).

13. Plaintiff Lewis alleges that he resides in Florida and further seeks to certify a Florida-specific class. Compl., ¶¶ 14, 25. First Aid Beauty is a foreign corporation organized under the laws of Delaware and maintains its principal place of business in Massachusetts. *See,*

Declaration of Erin Giovino, ¶ 5, attached hereto as **Exhibit C**. Thus, First Aid Beauty is a citizen of Delaware and Massachusetts for purpose of diversity. *Wylie v. Red. Bull N. Am., Inc.,* 627 Fed 755, 757 (11th Cir. 2015) (noting that a corporation is a "citizen of every State by which is has been incorporated and of the State … where it has its principal place of business." (citing, 28 U.S.C. § 1332 (c)(1)). Accordingly, there is minimal diversity between Plaintiff and members of the putative class on the one hand and First Aid Beauty on the other. *See, Dudley v. Eli Lilly and Co.,* 778 F.3d 909, 911-12 (11th Cir. 2014) (minimal diversity under CAFA exists "where any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant.").

14.     Plaintiff seeks to certify a class of all "persons and entities" that reside in Florida who received SMS messages from First Aid Beauty since "July 1, 2021." He alleges, on information and belief, that the putative class exceeds 100 members and is "so numerous that joinder of all members is impracticable and uneconomical." Compl., ¶¶ 25-26. Thus, the putative class size exceeds the requisite minimums under CAFA. *See,* 28 U.S.C. § 1332 (d)(5).

15.     The amount in controversy also plausibly exceeds the requisite minimum under CAFA. *See, Anderson v. Witco Life Ins. Co.,* 943 F.3d 917, 925 (11th Cir. 2019) ("A defendant seeking to remove a case to federal court must file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"); *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 547, 554 (2014) (Noting that, Under CAFA, "a defendant's notice of removal need conclude only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.") As recognized by the Eleventh Circuit, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements" and may make "reasonable deductions,

4

reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061-62 (11th Cir. 2010); *See also, Fox v. Ritz-Carlton Hotel Co., LLC,* 977 F.3d 1039, 1045 (11th Cir. 2020) ("'If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.'") (quoting, *Cappuccitti v. DirecTV, Inc.,* 623 F.3d 1118, 1122 n.8 (11th Cir. 2010)).[1]

16. Here, Plaintiff seeks a minimum of $500 for each alleged violation of the FTSA and alleges that: (a) First Aid Beauty sent multiple SMS messages to him and to the more than 100 putative class members; that First Aid Beauty "intentionally" or knowingly sent these messages in violation of the FTSA; and (c) that these "intentional" violations by or on behalf of First Aid Beauty were "typical" of the class members' purported claims. Compl., ¶¶ 6, 16-19; 28.

17. The FTSA provides, in part, that a party that is "aggrieved" by a violation of its terms may bring an action to: enjoin the violation, and recover "actual damages or $500, whichever is greater." Fla. Stat. § 501.059 (10)(a) (1-2). It further provides that "if the court finds that the defendant willfully or knowingly violated this section or rules adopted pursuant to this section, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under paragraph (a)." *Id.* at 10(b).

18. Here, available records indicate that at least 10,001 SMS messages were sent to at least 100 phone numbers with Florida area codes. *See,* Giovino Declaration, ¶ 4. Moreover, as

---

[1] First Aid Beauty disputes that Plaintiff is entitled to any damages whatsoever. First Aid Beauty is also not required to allege or show that Plaintiffs are entitled to or could recover any damages or show injury for removal purposes. *See, Dudley,* 778 F.3d at 913 ("[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it … Moreover, at the jurisdictional stage, 'the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.'") (quoting, *Pretka v. Kolter City Plaza II., Inc.,* 608 F.3d 744, 751, 754 (11th Cir. 2010)).

noted above, Plaintiff further affirmatively alleges that First Aid Beauty "intentionally" sent multiple messages to the more than 100 putative class members in direct contravention of the FTSA. *Compl.,* ¶¶ 6, 28. Plaintiff's allegations plausibly place damages of $1,500 per violation in controversy for the purposes of establishing the amount in controversy under CAFA.

19. As set forth in the Declaration of Erin Giovino, more than 10,001 SMS messages were sent to in excess of 100 phone numbers with Florida area codes since July 1, 2021. Ex. C., ¶ 4. While First Aid Beauty disputes Plaintiff's allegations and further disputes that any class could be certified in this matter, estimating that each of the putative class members would be entitled to up to $1,500 in trebled statutory damages under the FTSA for each of the alleged "intentional" violations, it is plausible that the amount in controversy exceeds $5,000,000. Even assuming Plaintiff is only entitled to liquidated damages of $500 per violation, it is still plausible that the amount in controversy exceeds $5,000,000. Accordingly, it is plausible that the amount in controversy exceeds CAFA's minimum.

20. Plaintiff also seeks an award of "reasonable attorney's fees" and costs. Compl., ¶ Prayer for Relief, ¶ H. The FTSA provides that the "trial judge shall award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case as sworn to in an affidavit." Fla. Stat. § 501.059(10). Plaintiff also seeks declaratory and injunctive relief. Compl., Prayer for Relief, ¶¶ D and E. More specifically, Plaintiff seeks an injunction requiring First Aid Beauty to use a "telephone number that is capable of receiving telephone calls" when sending SMS marketing messages. *Id.* While not required given Plaintiff's allegations set forth above, these amounts allegations, may also be considered in determining the amount in controversy. *See, Progressive Am. Ins. Co. v. Anderson,* No. 5:17-370-Oc-39PRL, 2018 U.S. Dist. LEXIS 130101 (M.D. Fla. May 8, 2018) ("When a statute authorizes

the recovery of attorney's fees, a reasonable amount of those fees may be included in the amount in controversy."); *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1077 (11th Cir. 2000) ("When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective.").

21. This case could have originally been brought by Plaintiffs in federal court. Any civil action filed in state court may be removed to federal court if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a).

WHEREFORE, Defendant, First Aid Beauty, Limited, respectfully files this Notice of Removal of the State Court Action to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division, from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, where the action is now pending, and requests that the State Court Action be removed to this Court and that the Court assume full jurisdiction over the case herein as provided by law.

April 1, 2024

Respectfully submitted,

*/s/ Jennifer A. Adler*
Jennifer A. Adler (Fla. Bar No. 126285)
THOMPSON HINE LLP
Two Alliance Center
3560 Lenox Road
Suite 1600
Atlanta, Georgia 30326
Direct: 404.407.3694
Fax: 404.541.2906
Jennifer.Adler@thompsonhine.com

Steven G. Stranksy (*Pro Hac Vice* Motion Forthcoming)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114

        Phone: 216.566.5500
        Fax: 216.566.5800
        Steve.Stransky@ThompsonHine.com

        *Attorneys for Defendant First Aid Beauty, Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court, and will serve a copy by e-mail and United States mail on all counsel of record.

        By: */s/ Jennifer A. Adler*
        Jennifer A. Adler (126285)